IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HARRISON DIVISION

MICHAEL LANDSBAUGH                                                                           PLAINTIFF

v.                              Civil No. 3:21-cv-03089

PAYTON HORN, *ET AL.*                                                                       DEFENDANTS

### MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

This case is before the Court for preservice screening under the provisions of the Prison Litigation Reform Act ("PLRA").  Pursuant to 28 U.S.C. § 1915A, the Court has the obligation to screen any complaint in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.  Pursuant to the provisions of 28 U.S.C. § 636(b)(1) and (3) (2011), the Honorable Timothy L. Brooks, United States District Judge, referred the matter to the undersigned for the purpose of making a Report and Recommendation.

Plaintiff, Michael Landsbaugh, filed this civil rights action under 42 U.S.C. § 1983.  He proceeds *pro se* and *in forma pauperis* ("IFP").  (ECF Nos. 1, 2, 5).

### I.      BACKGROUND

In Plaintiff's Complaint, he alleges that on November 23, 2021, he was being held at the Searcy County Jail awaiting trial on pending criminal charges and due to a parole violation. (ECF No. 2 at 3).  Plaintiff states that "at about 3:30" he was brought some legal mail from his public defender that had already been opened.  *Id*. at 4.  Plaintiff states that both Chris Goodrich and Payton Horn originally refused to let him know who had opened the mail.  *Id*.  He further states that "Kimberly Lupinacci later came to me and admitted she was the one who opened the

1

mail." *Id*. For relief, Plaintiff seeks "whatever is acceptable for them opening mail from my lawyer." *Id*. at 5.

## II. LEGAL STANDARD

Under the PLRA, the Court is obliged to screen a case prior to service of process being issued. The Court must dismiss a complaint, or any portion of it, if it contains claims that: (1) are frivolous, malicious, or fail to state a claim upon which relief may be granted, or (2) seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b).

A claim is frivolous if "it lacks an arguable basis either in law or fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). A claim fails to state a claim upon which relief may be granted if it does not allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "In evaluating whether a pro se plaintiff has asserted sufficient facts to state a claim, we hold 'a pro se complaint, however inartfully pleaded ... to less stringent standards than formal pleadings drafted by lawyers.'" *Jackson v. Nixon*, 747 F.3d 537, 541 (8th Cir. 2014) (quoting *Erickson v. Pardus*, 551 U.S. 89, 94 (2007)). However, even a *pro se* Plaintiff must allege specific facts sufficient to support a claim. *Martin v. Sargent*, 780 F.2d 1334, 1337 (8th Cir. 1985).

## III. DISCUSSION

The essential elements of a § 1983 claim are: (1) that the defendant(s) acted under color of state law, and (2) that the alleged wrongful conduct deprived the plaintiff of a constitutionally protected federal right. *Schmidt v. City of Bella Vista*, 557 F.3d 564, 571 (8th Cir. 2009).

As set forth above, Plaintiff alleges that on a single occasion, he received legal mail that had already been opened. (ECF No. 2). Plaintiff does not state any particular way in which he

was damaged by the opened mail, and as damages, asks for "whatever is acceptable for them opening my mail from my lawyer." *Id*. at 5.

It is clear that Plaintiff has a constitutional right to have confidential legal mail opened only in his presence. *See Falls v. Nesbitt*, 966 F.2d 375, 380 (8th Cir. 1992). However, according to Eighth Circuit caselaw, "[w]e have never held or suggested that an isolated, inadvertent instance of opening incoming confidential legal mail will support a § 1983 damage action." *Beaulieu v. Ludeman*, 690 F.3d 1017, 1037 (8th Cir. 2012) (citing *Gardner v. Howard,* 109 F.3d 427, 431 (8th Cir. 1997)). "Instead, we have found that 'an isolated incident, without any evidence of improper motive or resulting interference with the inmate's right to counsel or to access to the courts, does not give rise to a constitutional violation.'" *Id*. (quotation, alteration, and citations omitted).

> The act of opening incoming mail does not injure an inmate's right to access the courts. The policy that incoming confidential legal mail should be opened in inmates' presence instead serves the prophylactic purpose of assuring them that confidential attorney-client mail has not been improperly read in the guise of searching for contraband. *Id*.

"To assert a successful claim for denial of meaningful access to the courts ... an inmate must demonstrate that he suffered prejudice." *Berdella v. Delo*, 972 F.2d 204, 210 (8th Cir. 1992).

Plaintiff has failed to plead that he was prejudiced in any way based on this alleged isolated instance concerning his legal mail. Accordingly, Plaintiff fails to state a plausible claim and his complaint is subject to dismissal.

## IV. CONCLUSION

For the foregoing reasons, it is recommended that Plaintiff's Complaint be **DISMISSED WITHOUT PREJUDICE**.

**The Plaintiff has fourteen (14) days from receipt of the Report and Recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1). The failure to file timely objections may result in waiver of the right to appeal questions of fact. The Plaintiff is reminded that objections must be both timely and specific to trigger** *de novo* **review by the district court.**

DATED this 1st day of February 2022.

/s/ *Mark E. Ford*
HON. MARK E. FORD
UNITED STATES MAGISTRATE JUDGE